SEMNAR & HARTMAN, LLP
Babak Semnar, Esq. (#224890)
bob@semnarlawfirm.com
Jared M. Hartman, Esq. (#254860)
jaredhartman@jmhattorney.com
400 S. Melrose Drive, Suite 209
Vista, CA 92081
Telephone: (951) 234-0881; Fax: (888) 819-8230

Attorneys for Plaintiff
EDUARDO CALIXTO

# U.S. DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO CALIXTO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE MOORE LAW GROUP, APC; CAPITAL ONE BANK (USA), N.A.; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br>1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**<br>2. **CALIFORNIA ROSENTHAL ACT** |

Plaintiff, EDUARDO CALIXTO, an individual, by and through his attorneys of record, hereby complains and alleges as follows:

## INTRODUCTION

1. Plaintiff, by and through his attorneys of record, brings this action to secure redress from unlawful debt collection practices engaged in by Defendant THE MOORE LAW GROUP, APC (hereinafter "Defendant MOORE") and Defendant CAPITAL ONE BANK (USA), N.A. (hereinafter "Defendant CAPITAL ONE") in

1
**COMPLAINT**

violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA"), and the State of California Rosenthal Act, Calif. Civ. Code §§ 1788-1788.32 (hereinafter "Rosenthal Act").

2. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

3. In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> Interstate commerce. Abusive debt collection practices are carried

on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

4. This action arises out of violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p.

5. Because Defendant MOORE conducts business within the State of California, and is physically located at 3710 S. Susan Street, Suite 210, in the City of Santa Ana, State of California, personal jurisdiction is established.

6. Because Defendant CAPITAL ONE conducts business within the State of California, and maintains an agent for service of process at 2710 Gateway Oaks Drive, Suite 150N, City of Sacramento, State of California, personal jurisdiction is established.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391 because Defendant MOORE, Plaintiff, and witnesses are all located within this judicial district.

## PARTIES & DEFINITIONS

8. Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendants that originated from a line of credit granted by Defendant CAPITAL ONE that Plaintiff utilized for personal living expenses, alleged to have been due and owing, is therefore both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and is also therefore a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

9. Because Defendants have alleged that that Plaintiff owes them money that originated from a line of credit granted by Defendant CAPITAL ONE that Plaintiff utilized for personal living expenses, Plaintiff is therefore informed and believes that the money alleged to have been owed to Defendants originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA and Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

10. Upon information and belief, Defendants were attempting to collect on a debt that originated from a line of credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(e) of the Rosenthal Act.

11. Because Plaintiff, a natural person allegedly obligated to pay money to Defendants arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

12. Plaintiff is informed and believes that Defendant MOORE utilizes the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts, and they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to themselves and to others, and are therefore "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA and Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and they thereby engage in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act, and are also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

13. Plaintiff is informed and believes that Defendant CAPITAL ONE u regularly collects or attempt to collect debts owed or due or asserted to be owed or due to themselves, and is therefore a "debt collector" within the meaning of Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and they thereby engages in "debt collection"

within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

14. At all times relevant herein, Defendant MOORE was acting on behalf of, at the direction of, and in association with Defendant CAPITAL ONE, and therefore Defendant CAPITAL ONE is liable for violations committed by Defendant MOORE through vicarious liability.

15. Moreover, the Ninth Circuit has held that a debt collection law firm's violations of the FDCPA are imputed as vicarious liability to the client on whose behalf the debt collection law firm has acted in committing the violations. *See* Fox v. Citicorp Credit Services (9th Cir. 1993) 15 F.3d 1507, 1516 ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken").

16. Sometime in 2009, Legal Recovery Law Offices obtained a default judgment against Plaintiff on behalf of, at the direction of, and in association with Defendant CAPITAL ONE in the Orange County Superior Court case number 30-2008-00210713.

17. On December 11, 2014, the default judgment obtained against Plaintiff by Legal Recovery Law Offices on behalf of Defendant CAPITAL ONE was set aside by the Orange County Superior Court, after having granted Plaintiff's motion to set aside the same.

18. Therefore, the judgment ceased to exist as of December 11, 2014.

19. Defendant CAPITAL ONE and Legal Recovery Law Offices executed a written agreement with Plaintiff that required CAPITAL ONE to dismiss the lawsuit with prejudice within thirty (30) days of Plaintiff's execution of the written agreement.

20. Defendant CAPITAL ONE signed the agreement on March 31, 2015.

5
**COMPLAINT**

21. Legal Recovery Law Offices signed the agreement on March 24, 2015.

22. Plaintiff signed the agreement on march 24, 2015.

23. On April 10, 2015, in accordance with the written agreement, Defendant CAPITAL ONE filed its request for dismissal with prejudice of the lawsuit that gave rise to the judgment.

24. On December 30, 2016, Defendant MOORE caused to be delivered a letter to Plaintiff's counsel that claimed that Defendant CAPITAL ONE transferred the account subject of the account subject of the lawsuit Orange County Superior Court case number 30-2008-00210713 to Defendant MOORE.

25. Defendant MOORE's letter claimed that the balance owed on the account was $2,113.30.

26. Plaintiff's counsel delivered a letter to Defendant MOORE dated January 4, 2017 that specifically informed Defendant MOORE that the account had been settled in a previous written agreement and insisted that Defendant MOORE address the details of this account and the relevant agreement with its client, Defendant CAPITAL ONE, and insisted that Defendant MOORE close the account entirely.

27. By letter dated February 13, 2017, Defendant MOORE delivered another letter to Plaintiff's counsel that still claimed that the current balance owed was $2,113.30 and enclosed as justification a copy of the judgment in Orange County Superior Court case number 30-2008-00210713 that had already been set aside by order of the court and had been dismissed with prejudice by CAPITAL ONE in April 2015.

28. Thereafter, on April 2, 2017, Plaintiff received a letter from Defendant MOORE directly that claimed CAPITAL ONE had transferred the account to Defendant MOORE, that Defendant MOORE was collecting upon the judgment, and claimed that Plaintiff owed them a balance of $2,113.30.

29. However, because the judgment had already been set aside by court order in Orange County Superior Court case number 30-2008-00210713 and because CAPITAL ONE had already dismissed the lawsuit with prejudice in April 2015,

Defendant MOORE's claim that a balance was owed upon the judgment was a false statement and an attempt to collect upon a non-existent judgment.

30. Because Defendant MOORE's letters all readily acknowledge they were acting on behalf of, at the direction of, and in association with CAPITAL ONE, then liability flows through to CAPITAL ONE as well.

31. CAPITAL ONE's violations were willful because it knew the judgment had been set aside and the case had been dismissed, because it participated in taking those actions.

32. Defendants' violations have caused Plaintiff undue anxiety, stress, anger, embarrassment, and feelings of hopelessness that not even a prior lawsuit and not even letters from counsel could result in him moving forward with his life after having suffered previous harassment on behalf of CAPITAL ONE.

33. Defendants' violations have also caused Plaintiff undue anxiety, stress, anger, embarrassment, and feelings of hopelessness because they have forced him to re-live the previous experiences of harassment on behalf of CAPITAL ONE.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF FDCPA)**
**(As against Defendant MOORE only)**
**15 U.S.C. §§ 1692-1692p**

34. Plaintiff repeats, re-alleges, and incorporates by reference the above paragraphs, as though set forth fully herein.

35. By sending a letter to Plaintiff directly in April 2017 that claimed Plaintiff owed a debt upon a non-existent judgment that had been set aside by order of the court and had been dismissed with prejudice, Defendant MOORE committed the following violations of the FDCPA:

   a. Using false, deceptive, and/or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C.

7
**COMPLAINT**

§1681e;

b. Falsely representing the amount, character, and/or legal status of the debt, in violation of 15 U.S.C. §1681e(2)(A);

c. Using false representations and/or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1681e(10);

d. Using unfair and/or unconscionable means in attempt to collect a debt, in violation of 15 U.S.C. §1681f; and

e. Attempting to collect an amount not authorized by agreement or by law, in violation of 15 U.S.C. §1681f(1).

36. MOORE's violations were willful because MOORE was informed specifically that the account had been settled and because both the order to set aside the judgment and the request for dismissal with prejudice in Orange County Superior Court case number 30-2008-00210713 are readily available on the Superior Court's register of actions.

37. Plaintiff has suffered actual damages as identified in the statement of facts above.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF ROSENTHAL ACT)**
**(As against all Defendants)**
**CAL. CIV. CODE §§ 1788-1788.32**

38. Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

39. Each of MOORE's violations of the FDCPA identified above have been incorporated into the Rosenthal Act via Calif. Civ. Code §1788.17 such that they are necessarily violations of the Rosenthal Act as well[1].

---

[1] Law firms are not exempt from violations of the Rosenthal Act. Stated another way, violations of the Rosenthal Act do apply to law firms. *Thomas v. Loomis-Therrien*, 2014 U.S. Dist. LEXIS 148999, at **16-17 (Cent. Dis. Calif. Oct. 20, 2014). *See also*, *Abels v. JBC Legal Group, P.C.*, 227 F.R.D.

8
**COMPLAINT**

40. By CAPITAL ONE's agent—Defendant MOORE—violating the FDCPA as identified above, and because vicarious liability is imputed to CAPITAL ONE, then Defendant CAPITAL ONE has necessarily violated the Rosenthal Act as those FDCPA violations have been incorporated into the Rosenthal Act by way of Calif. Civil Code § 1788.17.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant individually, and that Plaintiff be awarded damages from Defendants as follows:

- An award of statutory damages of $1,000.00 from Defendant MOORE pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA;
- An award of actual damages in the amount of $7,500.00 from Defendant MOORE pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA;
- An award of costs of litigation and reasonable attorney's fees from Defendant MOORE pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA;
- An award of actual damages in the amount of $7,500.00 pursuant to California Civil Code § 1788.30(a) of the Rosenthal Act from Defendant MOORE, which are cumulative and in addition to all other remedies

---

541, 548 (N.D. Cal. 2005) (Ware, J.); *Navarro v. Eskanos & Adler*, No. 06-02231, 2007 WL 549904, 2007 U.S. Dist. LEXIS 15046 (N.D. Cal. Feb. 20, 2007)(Alsup, J.); *Owens v. Brachfeld*, No. 07-4400, 2008 WL 3891958, 2008 U.S. Dist. LEXIS 63701 (N.D. Cal. Aug. 19, 2008) (Fogel, J.); *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009) (Pregerson, J.); *Miranda v. Law Office of D. Scott Carruthers*, No. 1:10-01487, 2011 WL 2037556, 2011 U.S. Dist. LEXIS 55180 (E.D. Cal. May 23, 2011) (Wanger, J.); *Moriarity v. Henriques*, No. 1:11-1208, 2011 WL 4769270, 2011 U.S. Dist. LEXIS 90442 (E.D. Cal. Oct. 7, 2011) (Thurston, M.J.); *Bautista v. Hunt & Henriques*, No. 11-4010, 2012 WL 160252, 2012 U.S. Dist. LEXIS 5009 (N.D. Cal. Jan. 17, 2012) (Spero, M.J.); *Silva v. Jason Head, PLC*, No. 09-05768, 2010 WL 4593704, 2010 U.S. Dist. LEXIS 121557 (N.D. Cal Nov. 4, 2010) (Koh, J.); *Reimann v. Brachfeld*, No. 10-4156, 2010 WL 5141858, 2010 U.S. Dist. LEXIS 131727 (N.D. Cal. Dec. 13, 2010) (Seeborg, J.); *Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080 (East. Dist. Cal. Mar. 15, 2013).

- provided for in any other cause of action pursuant to California Civil Code § 1788.32;
- An award of statutory damages of $1,000.00 from Defendant MOORE pursuant to Cal. Civ. Code § 1788.30(b) of the Rosenthal Act, which are cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32;
- An additional award of statutory damages of $1,000.00 from Defendant MOORE pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA, as incorporated into the Rosenthal Act by way of Calif. Civ. Code §1788.17, which are cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32;
- An award of costs of litigation and reasonable attorney's fees from Defendant MOORE pursuant to Cal. Civ. Code § 1788.30(c) of the Rosenthal Act;
- An award of actual damages in the amount of $7,500.00 pursuant to California Civil Code § 1788.30(a) of the Rosenthal Act from Defendant CAPITAL ONE, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code § 1788.32;
- An award of statutory damages of $1,000.00 from Defendant CAPITAL ONE pursuant to Cal. Civ. Code § 1788.30(b) of the Rosenthal Act, which are cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32;
- An additional award of statutory damages of $1,000.00 from Defendant CAPITAL ONE pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA, as incorporated into the Rosenthal Act by way of Calif. Civ. Code §1788.17, which are cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32;

- An award of costs of litigation and reasonable attorney's fees from Defendant CAPITAL ONE pursuant to Cal. Civ. Code § 1788.30(c) of the Rosenthal Act.

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 4, 2017    Respectfully submitted,

SEMNAR & HARTMAN, LLP

By:   */s/ Jared M Hartman*_____
Jared M. Hartman, Esq.
Attorney for Plaintiff